## 61265. FEATHERS v. WILSON.

McMURRAY, Presiding Judge.

This is a personal injury case in which the plaintiff sought damages allegedly resulting from the negligent acts of the defendant who while driving an automobile "did negligently lose control of her vehicle and cross the centerline . . . and did negligently collide head-on with the Plaintiff's vehicle . . ." Plaintiff contends he suffered loss of wages, mental and physical pain and suffering, disability, both temporary and permanent, and also disfigurement.

The defendant denied the claim and answered that the incident (the collision of automobiles) was an accident and an act of God in that there was ice upon the roadway and also a sudden emergency, contending she was not negligent.

The case proceeded to trial, and the jury returned a verdict for the defendant. Judgment was entered in favor of the defendant. A motion for new trial was filed and denied, and the plaintiff appeals. *Held:*

1. A number of the enumerations of error are concerned with the charge and recharge of the court on the theory of accident as a defense to the personal injury in that they were not authorized by the evidence and as given were otherwise incomplete and therefore also erroneous.

It is the duty of the trial court to charge the jury on the law applicable to the issues where there is any evidence on which to predicate the instructions. See *Bone Const. Co. v. Lewis,* 148 Ga. App. 61, 63 (250 SE2d 851); *East Side Auto Parts v. Wilson,* 146 Ga. App. 753 (2) (247 SE2d 571); *Mercer v. Braswell,* 140 Ga. App. 624, 629-630 (5) (231 SE2d 431); *Cartey v. Smith,* 105 Ga. App. 809, 812 (2) (125 SE2d 723).

Generally, as to personal injury cases when an injury occurs without being caused by either the negligence of the plaintiff or the negligence of the defendant it can be said to be the result of an accident. That is, an accident excludes responsibility for the cause of the injury. A proper charge to the jury thereon is that from a

preponderance of the evidence the jury should determine if there was "an unintended occurrence which could not have been prevented by the exercise of reasonable care." *Brewer v. Gittings,* 102 Ga. App. 367, 368 (6), 376 (116 SE2d 500). See *Davenport v. Little,* 132 Ga. App. 391, 393 (208 SE2d 179).

There was evidence adduced at the trial of this case that on the day of the collision of the motor vehicles the weather was cold, near freezing, and the roads were damp. No icy spots were observed on the roadway except where the collision occurred. Defendant contends in her testimony that she had driven on the road in question every day but had never noticed any ice accumulation at any place on the road; that she was driving at a reduced speed of 45 miles per hour and as she crested a hilltop she hit a large patch of ice, slid broadside into the path of the plaintiff. The state patrolman who investigated the collision testified that in proceeding on the same road at a mere speed of 25 miles per hour he, too, slid on the ice patch and lost control of his car. As there was evidence of accident it was not error to charge the jury on that issue. See *Krise v. Meyers,* 143 Ga. App. 615 (239 SE2d 185).

The instruction given was a correct statement of the law and was not erroneous even if it was not given as requested by the plaintiff. The charge given substantially covered the applicable principles of law even though same was not in the exact language of the request. See *Leutner v. State,* 235 Ga. 77, 81 (5) (218 SE2d 820); *Summerfield v. DeCinque,* 143 Ga. App. 351, 355 (5) (238 SE2d 712). There is no merit in these complaints.

2. During the course of a recharge by the trial court, a definition of the term "an act of God" was given as a result of the request of the jury for instruction as to whether ice on the roadway would be considered to be an act of God. The court then instructed them that an act of God is "generally speaking, some unnatural phenomena and totally unexpected in the natural world, such as lightning striking places where lightning doesn't usually strike, a meteor falls, a tidal wave and earthquake. Those things which are called act of God. Some unusual unnatural phenomena. And with that explanation, I believe I may have responded to that inquiry." The trial court did not instruct the jury that ice on the roadway would be considered "an act of God" but merely advised that he had not previously charged relative to that term and then generally speaking he defined an act of God. The evidence here disclosed that the defendant had driven on the road in question nearly every day and had never noticed any ice accumulation at any one place on the road. Consequently, the charge on act of God as to whether or not it would apply to the situation in question was for the jury to determine from the definition given by

the court. *Western & A. R. v. Hassler,* 92 Ga. App. 278 (88 SE2d 559); *Doster v. Brown,* 25 Ga. 24.

There is no merit in the enumeration of error complaining of this charge.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 9, 1981 —
REHEARING DENIED MARCH 4, 1981.

*Laurie C. Davis,* for appellant.
*Harold Whiteman, Donald M. Fain,* for appellee.