## 65156. DAVIS v. WILLIAMS.

QUILLIAN, Presiding Judge.

This is an appeal from a jury verdict and judgment for plaintiff-appellee Williams in an action to settle a disputed boundary line.

The parties are owners of adjoining small acreages and both claim ownership of a disputed strip of land along their common boundary. Defendant-appellant Davis had entered into a boundary line agreement with Roop, Williams' predecessor in title, based on the metes and bounds description in Roop's deed, and which included the disputed strip as part of Roop's land. Despite the agreement, Davis persisted in exercising control over the disputed land with Roop and with Williams after he purchased it from Roop. Davis claimed the strip of land was hers based on her deed description which described the boundary line as running from one iron pin set in the ground to another such pin and her understanding that the agreement described that line. Williams brought this action to establish the boundary line and for damages for timber taken. Davis counterclaimed for damages. The trial court dismissed Davis' counterclaim for lack of proof thereof and the jury found for Williams but awarded no damages. *Held:*

1. Appellant claims error because the trial court admitted evidence of altercations between appellant and witnesses who were not a party to the action on the grounds that such evidence was irrelevant and also placed her character in issue. Appellant did not object at trial because her character was being put in issue, and that

issue cannot be considered on appeal. *B & P Lumber Co. v. First Nat. Bank,* 147 Ga. App. 762 (3) (250 SE2d 505). We find no error. When called by appellee for cross-examination, not only did appellant admit the altercations without objection but the altercations were also relevant to the issue of trespass and damages therefore which were being claimed by both parties.

2. There is no merit in the second enumeration concerning the admission of appellee's opinion evidence of the value of lost profits on timber. No objection was made to this evidence at trial, a prerequisite to its consideration on appeal; and since the jury awarded no damages to appellee, appellant hardly could have been prejudiced by the evidence or charge thereon. *Strother Ford v. Bullock,* 142 Ga. App. 843 (4) (237 SE2d 208).

3. A witness qualified as an expert in surveying testified that based on his examination of the deeds of the parties and the boundary line agreement the boundary line as set out in his plot of the survey of appellee's property was the line as set forth in the boundary line agreement.

Contrary to appellant's assertion this testimony was not excludable as deciding the ultimate fact or issue in the case. Where survey findings of encroachment of one property on another in a boundary line dispute were objected to as deciding the ultimate issue, no error was found, the court saying: "As an expert witness, the surveyor is entitled to testify as to his opinion on the facts as proved by other witnesses. Code Ann. § 38-1710. An expert witness, such as the surveyor here, may testify as to his opinion on the ultimate issue in the case without invading the province of the jury so long as the subject is an appropriate one for opinion evidence. [Cits.] An expert may base his opinion on hearsay and may be allowed to testify as to the basis for his findings. [Cits.] When an expert's testimony is based on hearsay, the lack of personal knowledge on the part of the expert does not mandate the exclusion of the opinion but, rather, presents a jury question as to the weight which should be assigned the opinion. The evidence should go to the jury for whatever its worth. [Cits.]" *King v. Browning,* 246 Ga. 46 (1), 47-8 (268 SE2d 653).

4. Appellant claims that because of testimony that the location of the boundary line was different than that set forth in the boundary line agreement she had signed with appellee's predecessor in title, the contents of the trial court's charge on parol evidence was error.

We find no error. Appellant made no objection to the charge when it was given. A party may not complain of the giving of a charge unless he objects thereto before the jury reaches its verdict in a civil case. Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31, as amended through 1968, pp. 1072, 1078); *Sutphin v. McDaniel,* 157 Ga. App. 732 (2) (278

SE2d 490).

5. The fifth enumeration has no merit.

*Judgment affirmed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 4, 1983.

*Howard A. Becker, Bruce S. Harvey,* for appellant.
*James H. Bone,* for appellee.