A92A1141. MANN et al. v. ANDERSON et al.
(426 SE2d 583)

BIRDSONG, Presiding Judge.

Dea Elizabeth Mann and Robert Mann appeal from a judgment based upon a jury verdict in favor of defendants Michael A. Gutzwiller and Union Camp Corporation. The Manns sued for damages arising from injuries sustained by Dea Mann ("Mann") in a multi-vehicle collision. The collision occurred in dense fog, or dense smoke, or a combination of both, when Mann stopped her car because of diminished visibility and later was hit by her car after Gutzwiller's car propelled it into her.

According to Mann, she was driving to work one morning when she encountered what she describes as a dense mixture of fog and smoke that almost completely blocked her vision. She slowed and proceeded ahead until she noticed a car on the shoulder that appeared to be backing up on the roadway. She stopped her car on the roadway next to that car. Shortly after that her car was struck from the rear by Anderson's car, and she got out of her car. She was not injured by this collision, but she did not immediately leave the roadway. Instead, she stood next to her car, and yelled to Anderson,

"What do you think you are doing?" Although Anderson hollered to her to get off the roadway, both before and after he parked his own car off the roadway, she stayed there until Holsey's car hit her car and knocked off the driver's door. At this point Mann attempted to seek safety, but before she could do so, Gutzwiller's car struck hers, knocking it forward into and striking her. Mann estimated that it took approximately 10-20 seconds for all this to transpire.

At first, the Manns sued Anderson, Gutzwiller, and Holsey. Then, when they learned that Union Camp had burned some woodlands in the vicinity of the accident, the Manns added Union Camp as a defendant. The amended complaint alleged that Union Camp failed to put out its fire properly and this allowed the fire to cause "heavy smoke to cover the roadway in question causing all of the collisions being complained about." Before trial the Manns dismissed Holsey as a defendant, and during trial they also dismissed Anderson.

The remaining defendants contended that they were not liable, inter alia, because the collision was caused by an act of God and because Mann assumed the risk of her injuries by driving in the fog and by standing in the roadway until it was too late to avoid her injuries. Over the Manns' objections the trial court charged the jury on act of God and assumption of risk. After the jury's verdict for the defendants was incorporated in the judgment and the Manns' motion for a new trial was denied, they brought this appeal.

The Manns contend the trial court erred by charging on the defenses of act of God and assumption of risk because there was no evidence authorizing these charges. They also contend the trial court erred by denying their motion for a new trial based on the giving of these charges. *Held*:

1. The Manns assert only that the trial court erred by charging on act of God because the evidence showed smoke caused the collision, the smoke was caused by employees of Union Camp, and a charge of act of God is not authorized when human agency contributes to the event. See *Western &c. R. v. Hassler*, 92 Ga. App. 278 (88 SE2d 559); *Ohlen v. Atlanta &c. R. Co.*, 2 Ga. App. 323 (58 SE 511).

In our law an act of God is "an accident produced by physical causes which are irresistible or inevitable, such as lightning, storms, perils of the sea, earthquakes, inundations, sudden death, or illness. This expression excludes all idea of human agency." OCGA § 1-3-3 (3). Further, "an act which may be prevented by the exercise of ordinary care is not an act of God." *Central Ga. EMC Corp. v. Heath*, 60 Ga. App. 649, 652 (4 SE2d 700). The Manns argue that under this definition an act of God charge was not authorized because Union Camp was responsible for the smoke that caused the collisions.

While not disagreeing with the Manns' definition of an act of God, Union Camp contends that under the evidence the fog on the

morning of the accident meets that definition. Although witnesses on the scene of the accident testified that the fog was unusually dense, they primarily relied upon their sense of smell for stating there was smoke present. Indeed, some testified that their cars smelled of smoke for some time after the accident.

On the other hand, another witness testified that smelling smoke in fog did not mean that smoke was actually present and related an incident in which he also smelled smoke in fog, but then traced the smell to the remains of an old fire. Additionally, a meteorologist testified that fog is a naturally occurring weather condition that alone could reduce visibility to that present on the morning of the accident. This witness further testified that even if smoke was in the fog, the mixture would not necessarily obscure a driver's vision more than fog would alone. Moreover, there was testimony that Union Camp's fires had flamed out, i.e., no visible flames by approximately 2:00 p.m. and by 5:00 p.m. the preceding day, smoke was barely visible at either fire, and that, under the weather conditions existing, smoke from Union Camp's burns would not have reached the location of these accidents.

Additionally, there was evidence that this fog was completely unexpected and far beyond normal weather conditions. The evidence was that this fog or smoke was unusually dense, that within a few feet of entering the fog visibility went to zero, and that suddenly things went totally black. Further, there was evidence that there was no reason to anticipate how much visibility would be reduced until one entered the fog, and there was no reason to anticipate the fog was significantly different from usual foggy conditions or from the fog the drivers had already experienced that morning.

Consequently, a charge on act of God was authorized because of the Manns' allegation that Union Camp was responsible for the smoke, and Union Camp's defense to this argument was that the fog was created as an act of God independently of human agency. As there was some evidence supporting this defense, Union Camp was entitled to the charge. Although the Manns' argument suggests that the trial court should have weighed the evidence and determined whether an act of God caused the collision, that is not our law. Even slight evidence is enough to authorize a trial court to charge the law on an issue (*Fredericks v. State*, 172 Ga. App. 379, 380 (323 SE2d 265)) if there is some evidence from which a legitimate process of reasoning can be carried. *Sapp v. Johnson*, 184 Ga. App. 603, 605 (362 SE2d 82).

Therefore, defendants were entitled to a charge on act of God, and the trial court's charge did not instruct the jury that the weather conditions present would be considered an act of God, but, instead, defined "act of God" and left it for the jury's determination whether the evidence presented fit that definition. This was appropriate.

*Jump v. Benefield*, 193 Ga. App. 612, 614 (388 SE2d 864); *Feathers v. Wilson*, 157 Ga. App. 753, 754-755 (2) (278 SE2d 434).

Additionally, although the focus of this charge has been on Union Camp's activities, Gutzwiller was also entitled to assert this defense because of the evidence on the unusual nature of the fog. This is particularly true in light of Mann's admission on the stand that Gutzwiller did not cause the accident.

2. The Manns also contend the trial court erred by charging on assumption of the risk. We find no error. "Assumption of risk assumes that the actor, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not." (Citation and punctuation omitted.) *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 823 (409 SE2d 524). Here, there was evidence showing that despite knowing of the poor visibility and after her car was struck by Anderson's car, Mann got out of her car and remained standing in the roadway even though Anderson urged her to leave the road. Moreover, there is testimony that Mann remained on the roadway long enough for Anderson to yell at her to get out of the road, park his car on the side of the road and again urge her to get off the road before she attempted to leave. From the posture of the evidence a jury could reasonably infer that, since Mann had just stopped to avoid one car and had been involved in a rear-end collision, she had actual knowledge and understanding that staying on the road was dangerous, and yet she elected voluntarily to remain in a position of danger even though, like Anderson, she had time to drive her car off the roadway, thereby exhibiting "an intelligent acquiescence" in the danger. See *Yandle v. Alexander*, 116 Ga. App. 165, 167-168 (156 SE2d 504). Therefore, there was evidence from which it could be argued that even though Mann was uninjured and knew vehicles were traveling in the fog too fast to stop without hitting her or her car because one car had already done so, she nevertheless voluntarily stood in the road and assumed the risk of injury until her injuries were unavoidable. Under this evidence, there was a sufficient basis for charging the jury on assumption of the risk (compare *Beringause v. Fogleman Truck Lines*, supra at 824), and the trial court did not err in so doing. *Sapp v. Johnson*, supra. The charge of assumption of the risk was reasonably raised by the evidence.

3. As the Manns' assertion that the trial court erred by denying their motion for a new trial was based upon the charging errors discussed above, in view of our dispositions of these arguments in Divisions 1 and 2, it was not error for the trial court to deny their motion.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

Decided November 17, 1992 —
Reconsideration denied December 16, 1992

*Huguenin, Annis & Lewis, David C. Huguenin, Stephen H. Hagler,* for appellants.

*Bouhan, Williams & Levy, James M. Thomas, Wilbur D. Owens III, Zorn & Caldwell, William A. Zorn,* for appellees.