A95A1984. LANGTON v. DEPARTMENT OF CORRECTIONS et al.
(469 SE2d 509)

Judge Harold R. Banke.

Ann Langton, a former pre-release coordinator at a Department of Corrections Boot Camp, commenced this pro se action against the Department of Corrections ("DOC") and several of its employees (collectively "defendants") alleging several theories of recovery for wrongful termination of her employment. The trial court granted summary judgment to the defendants, and this appeal followed.

Langton worked at the DOC for approximately four months in 1992 when she was terminated due to a less than satisfactory performance review and her failure to submit to a psychological evaluation ordered by her supervisors. After her discharge, Langton filed a claim for unemployment benefits which was rejected by an administrative law judge, who determined she had been terminated for cause. The Department of Labor's Board of Review subsequently affirmed this decision. Langton then appealed the decision to the superior court which also affirmed, finding no constitutional or statutory impropriety related to her discharge.

Almost two years later, Langton filed a complaint in federal court against the DOC alleging employment discrimination. The district court granted summary judgment to the DOC, finding that the judicial affirmance of the decision to deny Langton unemployment benefits precluded her from relitigating the issue of whether she was discharged for cause, and the Eleventh Circuit affirmed.

Langton filed the instant pro se action during the pendency of her action for unemployment benefits. Defendants moved for summary judgment on essentially the same ground asserted in the federal action, arguing that Langton's claims were inconsistent with the prior judicial finding that she was fired for cause and were therefore barred by res judicata and collateral estoppel. Defendants also sought summary judgment based on Langton's failure to pursue her tort claims under the Georgia Tort Claims Act by filing the mandatory notice under OCGA § 50-21-26. The trial court granted summary judgment. *Held*:

1. The trial court did not err in granting summary judgment. The doctrine of collateral estoppel "precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." (Footnote omitted.) *Waldroup v. Green County Hosp.*, 265 Ga. 864, 866-867 (463 SE2d 5) (1995). Privies " 'are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. . . .' (Cit.)" *Pinkard v. Morris*, 215 Ga. App. 297, 298 (1) (450 SE2d 330) (1994). When collateral estoppel applies, the issue may not be relitigated even as part of a different cause of action. *Waldroup*, supra; *Norris v. Atlanta & West Point R. Co.*, 254 Ga. 684, 685 (333 SE2d 835) (1985).

Langton's claim for unemployment benefits in 1993 was denied based on the finding that the DOC terminated Langton's employment for cause. We agree with the district court's finding that the superior court's determination that Langton was terminated for cause precludes her from relitigating the issue. Compare OCGA § 34-8-122 (b) (dispositions by entities acting under the authority of the commissioner of labor have no preclusive effect in subsequent actions against the employer). Although Langton asserts multiple theories of recovery, the gravamen of her complaint in the instant action was that the DOC discharged her without cause. Inasmuch as the defendants include the DOC and its privies, the trial court properly granted summary judgment. Moreover, Langton's failure to comply with the notice requirements of OCGA § 50-21-26 (a) (2) bars her tort claims. OCGA § 50-21-26 (a) (3). We therefore need not reach Langton's enumerations which focus on official immunity and tortious interference with employment.

2. We decline to consider Langton's contention that reversal is required due to the trial court's failure to hold oral argument before granting summary judgment. Langton failed to provide citations to the record showing that she requested oral argument. Uniform Superior Court Rule 6.3 mandates oral argument only "upon written request." "It is not the function of this court to cull the record on behalf of a party." (Citation and punctuation omitted.) *Manderson &*

*Assocs. v. Gore*, 193 Ga. App. 723, 733 (389 SE2d 251) (1989); see Court of Appeals Rule 27 (c) (3) (i).

3. Langton's claim of judicial bias is not properly before this court. The record demonstrates that Langton failed to raise the issue of judicial bias in the trial court or request recusal. Accordingly, we cannot consider the issue. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698) (1979); *Mosier v. State Bd. of Pardons & Paroles*, 213 Ga. App. 545 (445 SE2d 535) (1994).

In light of our finding that collateral estoppel bars this action, we need not reach Langton's motions seeking change of venue and the withdrawal of the state attorney.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 5, 1996.

Ann Langton, *pro se.*

*Michael J. Bowers, Attorney General, Jeffrey L. Milsteen, Deputy Assistant Attorney General*, for appellees.