A97A0051, A97A0056. ROLLESTON v. CHERRY (two cases).

(487 SE2d 354)

BLACKBURN, Judge.

The estate of Rebecca Wight Cherry Sims (Cherry) sued Moreton

Rolleston, Jr., Cherry's former attorney, alleging claims of professional negligence, breach of fiduciary duty, fraud, contribution and indemnity. The jury returned a verdict against Rolleston in the amount of $5,200,000. Rolleston appeals, contending that the trial court made numerous errors in charging the jury and in failing to grant Rolleston's motions for summary judgment and directed verdict.

Cherry owned a one-fourth undivided interest in certain beach property on St. Simons Island known as Camellia Cottage. Over the years, as the ocean receded, additional land had accreted between Camellia Cottage and the ocean. In August 1983, Cherry hired Rolleston, a long-time family friend, to establish title to the accreted land. Cherry signed a contingency fee agreement under which Rolleston would be entitled to one-third of any accreted land to which title was established. Cherry executed a quitclaim deed to Rolleston of a one-third undivided interest in such land, although Rolleston did not immediately record such deed.

Rolleston filed suit on behalf of Cherry against the Hopkins family, rival claimants to the accreted land, seeking to establish title to or a recreational easement over such land. The trial court granted summary judgment in favor of Hopkins, but the Supreme Court reversed on April 16, 1985, in *Cherry v. Hopkins*, 254 Ga. 260 (328 SE2d 702) (1985), sending the case to trial.

In July 1984, while the Hopkins litigation was pending, Cherry entered into an agreement with Tom Davis for the sale of her interest in Camellia Cottage. The agreement also gave Davis a separate option to purchase the accreted land if the Hopkins litigation were successful. This agreement was drafted by Rolleston. As subsequently revised, the agreement provided that closing on the sale of Camellia Cottage would take place on May 31, 1985, or 30 days after entry of a final order in the Hopkins litigation, whichever occurred first.

After the purchase contract was executed, Davis learned that Rolleston had taken a quitclaim deed to the accreted land. In a letter to Rolleston, Davis expressed his concern that the deeds could prevent Cherry from being able to convey good title to Camellia Cottage by destroying any claim to a recreational easement over the accreted land. This letter also alerted Rolleston to the possibility that the sale of Camellia Cottage would extinguish his client's claim to the recreational easement over the accreted land, which interest Rolleston was seeking to establish in the Hopkins litigation.

At the trial of Cherry v. Hopkins, May 26-30, 1986, Rolleston failed to raise the issue of a recreational easement, and the sole issue litigated was title to the land. The jury returned a verdict in favor of Hopkins on May 30, 1986, which was subsequently affirmed by the

Supreme Court.

The closing on the sale of Camellia Cottage was scheduled for May 31, 1985, the day after the trial of Cherry v. Hopkins. Rolleston was advised that Davis was assigning his rights under the purchase contract to parties who would consummate the closing. However, Rolleston told Cherry that she need not attend the closing because the purchaser was unlikely to have the purchase price. Rolleston appeared at the closing without Cherry and without a power of attorney to execute the necessary closing documents.

At the closing, Rolleston was informed that Davis' assignee, Coast House, Ltd., was prepared to close. However, Rolleston presented Davis with a letter, dated June 1, 1985, stating that Davis had breached the purchase contract by not timely closing, and that the entire contract, including the option for the accreted land, was now void. Rolleston then left the closing. Coast House's representatives attempted to consummate the closing by traveling to Cherry's house with the purchase money, but Cherry was not there. On the morning after the failed closing, Rolleston recorded his quitclaim deed to the accreted land.

In December 1985, Coast House sued Cherry for breach of contract, and also asserted a claim against Rolleston for tortious interference with contractual relations. After Cherry and Rolleston filed counterclaims, Coast House added a claim for abusive litigation against the two parties. On September 14, 1987, the trial court severed the trials of Cherry and Rolleston, and the claims against Cherry were to be tried first. Shortly before trial, on May 15, 1990, Coast House dismissed the action without prejudice and refiled against Cherry, without naming Rolleston in this renewal action. Cherry had died on May 18, 1989. On February 27, 1991, the jury returned a verdict against her estate on both the breach of contract claim and the abusive litigation claim.

The estate subsequently settled with Coast House, agreeing in part that Coast House would receive a portion of the proceeds of an action to be filed against Rolleston. On February 20, 1992, the estate brought the present action against Rolleston for professional negligence, fraud, breach of fiduciary duty, and contribution and indemnity, and Rolleston appeals from the March 22, 1995 jury award of $5,200,000 to the estate.

### Case No. A97A0051

1. (a) In his first enumeration of error, Rolleston contends that the trial court erred in failing to charge the jury that a two-year statute of limitation applies to torts, a four-year statute of limitation applies to contracts, and a two-year statute of limitation applies to

çlaims of breach of fiduciary duty. However the brief, prepared by Rolleston, does not address these enumerations, but instead argues that the relevant statutes of limitation had expired on plaintiff's claims. Accordingly, these enumerations are deemed abandoned. Court of Appeals Rule 27 (c) (2). As "an enumeration of error cannot be enlarged by a brief to give appellate viability to an issue not contained in the original enumeration," this Court will not consider Rolleston's arguments that the statutes of limitation had expired. (Citation and punctuation omitted.) *Crotty v. Crotty*, 219 Ga. App. 408, 410 (3) (465 SE2d 517) (1995). In any event the requested charge was not a correct statement of the law, and it would have been error to have given it as requested.

(b) Rolleston's first enumeration also contends that the court erred by allowing testimony regarding Rolleston's fiduciary duties after he resigned his representation of Cherry in October 1988. However, as Rolleston does not address this assertion in his brief, cite to any testimony alleged to have been erroneously admitted, or show that he preserved this issue for appeal by objecting at trial, this assertion will not be considered. Court of Appeals Rule 27 (c) (2), (3); *Langton v. Dept. of Corrections*, 220 Ga. App. 445, 446 (2) (469 SE2d 509) (1996) (court will not cull the record on behalf of a party). Furthermore, even if this assertion had been supported in the brief, it would not be considered by this Court, as the first enumeration contains more than one assertion of error in violation of OCGA § 5-6-40. See *West v. Nodvin*, 196 Ga. App. 825, 830 (4) (c) (397 SE2d 567) (1990).

Throughout his brief, which was submitted by Rolleston and not by his attorney, Rolleston fails to provide record citations to evidence necessary to evaluate his arguments. It should be noted that the record in this case comprises 20 volumes and more than 6,500 pages. The trial transcript alone consists of over 2,600 pages, covering the testimony of 21 witnesses, arguments of counsel, and the court's charges. The trial exhibits consist of over 1,000 pages. We have repeatedly held that "[i]t is not the function of this court to cull the record on behalf of a party." (Citations and punctuation omitted.) *Langton*, supra at 446 (2). This rule is particularly apt in this case. While this Court is authorized under its rules to dismiss any appeal for failure to cite to the record, we will exercise our discretion and resolve this appeal on its merits.

2. (a) In addition to claims of malpractice, breach of fiduciary duty, and fraud, the estate asserted a claim against Rolleston for contribution and indemnity, seeking contribution for the damages it sustained as the result of an adverse jury verdict in the Coast House lawsuit. Coast House sued Cherry for failing to close under the real estate sales contract drafted by Rolleston, and also asserted a claim

against Rolleston for tortious interference with contract in connection with the failed closing. After Cherry and Rolleston filed counterclaims, Coast House added a claim for abusive litigation against the two parties. The trial court severed the trials of Cherry and Rolleston, and the claims against Cherry were tried first. The jury returned a verdict against Cherry's estate on both the breach of contract claim and the abusive litigation claim.

On appeal, Rolleston contends the court erred in charging the jury on contribution and indemnity, because such charge was not warranted by the evidence.[1] In reviewing a jury instruction, this Court must determine if there was any evidence presented at trial to support it. *Valdez v. Power Indus. Consultants*, 215 Ga. App. 444 (451 SE2d 87) (1994). It is the duty of the trial court to instruct the jury on an issue of law if there is evidence to support the instruction. *Feathers v. Wilson*, 157 Ga. App. 753 (278 SE2d 434) (1981).

In essence, Rolleston asserts that he cannot be considered a joint tortfeasor with Cherry, and so cannot be liable for contribution and indemnity. However, the verdict in the Coast House lawsuit was not totally predicated upon Cherry's breach of contract; at least a portion of the award related to Coast House's claim for abusive litigation, which was based on the joint conduct of Cherry and Rolleston. Indeed, Cherry and Rolleston had originally been named as joint defendants on such claim, although the trial court severed the trials of the two. In his appellate brief, which was personally drafted by Rolleston, Rolleston states that the trial court granted summary judgment to him on all charges, and that the Supreme Court affirmed. This is a misrepresentation of the facts, as the trial court expressly denied Rolleston's motion for summary judgment on the abusive litigation claim, and the Supreme Court expressly upheld that denial. See *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 407 (359 SE2d 904) (1987) ("We affirm the denial of summary judgment to [Rolleston] as to any *Yost v. Torok* claim which might now exist or arise in the future"). Since Cherry's liability to Coast House was at least partially predicated upon acts for which Cherry and Rolleston could be considered joint tortfeasors, Cherry was entitled to seek contribution from Rolleston under OCGA § 51-12-32, notwithstanding the fact that Coast House apparently did not pursue its abusive litigation claim against Rolleston. See *Marchman & Sons v. Nelson*, 251 Ga. 475 (306 SE2d 290) (1983). Accordingly, the trial court did not err in charging the jury on contribution and indemnity.

(b) In this same enumeration, Rolleston also asserts that the

---

[1] Rolleston does not contend that the court's charge was an incorrect statement of the law. Accordingly, we do not address that issue.

court erred in charging the jury that the statute of limitation for contribution and indemnity claims is 20 years. As Rolleston failed to support this assertion in his brief by argument, citation to authority, or citation to the record, it is deemed abandoned. Moreover, this assertion is groundless on the merits, as the applicable statute of limitation for such claims is in fact 20 years. See OCGA § 9-3-22; *Krasaeath v. Parker*, 212 Ga. App. 525 (441 SE2d 868) (1994) (actions for contribution between joint tortfeasors governed by 20-year statute of limitation); see also *Union Carbide Corp. v. Thiokol Corp.*, 890 FSupp. 1035 (S.D. Ga. 1994) (actions for contribution and indemnity governed by 20-year statute of limitation).

3. Rolleston contends that the trial court erred in not holding that a letter from Cherry's attorney to Rolleston's attorney constituted a release of any claims against Rolleston. In this letter, Cherry's attorney stated that no action would be filed against Rolleston "for any of his acts or omissions relating to his draftsmanship of the sales contract at issue in [the Coast House] lawsuit, acts omissions, negotiations and other, or the failed closing on May 31, 1985, or his activities leading up to said failed closing."

As an initial matter, Rolleston does not cite to any portion of the record in which he asked the court to rule that the letter constituted a release. "[W]e are limited on appeal to those grounds presented to, and ruled upon by the trial court." (Citation and punctuation omitted.) *Adams v. Coweta County*, 208 Ga. App. 334, 336 (3) (430 SE2d 599) (1993). This Court will not cull the record on behalf of a party, particularly in a case such as this where the record is voluminous. See *Langton*, supra at 446 (2) (failed to show where in record request was made for oral argument).

Moreover, this enumeration is groundless on the merits. The letter does not on its face purport to be a release, but merely a statement of Cherry's intentions regarding bringing a malpractice action. There was testimony that the letter was sent after Rolleston had threatened to bring an abusive litigation action if Cherry sued him for malpractice. There was also testimony that Cherry was financially unable to bring an action against Rolleston at the time the letter was written. Whether this letter was merely intended to advise Rolleston of Cherry's present intentions, or was intended as a binding release, was a question of fact for the jury. See *Johnston v. Ruppert*, 177 Ga. App. 883 (341 SE2d 293) (1986) (where document ambiguous, question of fact remained regarding whether party intended to release other).

Rolleston argues that he relied on this letter by helping Cherry prepare for the Coast House lawsuit. However, once again, Rolleston does not cite to the record to show that he in fact provided such assistance, or that such assistance was in reliance on the attorney's letter.

Cherry's attorney testified that Rolleston provided only minimal help with the lawsuit, and charged $200 per hour for his services. Whether this assistance was in reliance on the letter was a question of fact for the jury's determination.

4. Rolleston contends the court erred in failing to charge the jury that a contract between Coast House and the estate, pursuant to which Coast House would receive a portion of any proceeds from this suit, was champertous and void as against public policy. The court did not err in refusing to give such a charge, as champerty is no defense to Rolleston's liability. "[T]he fact that there is an illegal and champertous contract for the prosecution of an action is no ground for an abatement of such action, nor a defense thereto." *Ellis v. Smith & Bussey*, 112 Ga. 480, 484 (37 SE 739) (1900). Thus, even if the contract between the estate and Coast House were champertous, this would not constitute a defense to the estate's action against Rolleston.

5. Rolleston asserts that the court erred in failing to charge the jury that the assignment of the estate's claim to Coast House was illegal in violation of OCGA § 44-12-24. He also contends the court erred in failing to charge that the estate's damages were limited to $500,000 plus attorney fees, and that "a legal opinion rendered by a lawyer, even if in error, does not constitute malpractice." Rolleston failed to provide any record cites to show that he made written requests for such charges, and our own review of the record reveals that Rolleston did not make such requests. Accordingly, these enumerations are without merit. *Service Merchandise v. Jackson*, 221 Ga. App. 897, 900 (2) (473 SE2d 209) (1996).

6. In his enumerations of error, Rolleston contends that the trial court erred in giving an excessive, unduly broad and prejudicial fraud charge, as there was no evidence of fraud. In his brief, Rolleston limits this enumeration to his contention that there was no evidence of fraud, abandoning any contention that the court's charge was erroneous as given. See Court of Appeals Rule 27 (c) (2).

The only argument Rolleston advances in support of this enumeration is that none of the estate's three expert witnesses testified that Rolleston committed fraud. However, the fact that the word "fraud" was not used by the witnesses is irrelevant, as there was ample evidence to justify a fraud charge. After drafting the real estate sales contract at issue, Rolleston was put on notice that, if the sale were consummated, his client might forfeit her claim to a recreational easement over adjoining property, which claim Rolleston was asserting in a separate lawsuit. Rolleston then told Cherry not to attend the closing because the purchaser would not be able to close, although he had been put on notice that the original purchaser was assigning his rights under the purchase contract to an assignee who

was able to close.

Rolleston appeared at the closing without Cherry and without a power of attorney to execute the necessary closing documents. Although the purchaser's assignee, Coast House, informed Rolleston that it was ready to close, Rolleston refused to close. Instead, he presented a letter, dated the next day, stating that the purchaser had breached the purchase contract by not timely closing, and that the contract was now void.

The jury was authorized to conclude from the evidence that Rolleston intentionally misled his client in order to prevent the closing, so as to avoid a potential malpractice claim for his drafting of the purchase agreement. As there was evidence from which the jury could infer fraud, the court did not err in instructing the jury on the law of fraud. See *Feathers*, supra, 157 Ga. App. at 753 (1) (trial court must instruct jury on issue of law if there is evidence to support the instruction).

7. Rolleston contends the trial court erred in failing to charge that Cherry had ratified all of Rolleston's actions. Rolleston's brief does not identify the charge alleged to have been erroneously refused, and fails to cite to the record to show that he actually requested such a charge. Our review of the record reveals that Rolleston did not request in writing a charge that Cherry had ratified Rolleston's actions. Thus, this enumeration is meritless. See *Service Merchandise*, supra.

Rolleston did ask the court to charge that a principal who has ratified the acts of her agent may not then sue such agent, and that the jury should find for Rolleston if it found that Cherry had ratified his acts. The court did not err in refusing to give such charges, as they are not a complete statement of the law of ratification. Such charges fail to define the term "ratification," fail to state that the burden of proving ratification is on the party asserting it, and fail to state that ratification is ineffective unless made with full knowledge of the material facts. See *Hendrix v. First Nat. Bank*, 195 Ga. App. 510, 511 (1) (394 SE2d 134) (1990). Accordingly, the court's refusal to give such charges was not error. See *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269, 276 (9) (329 SE2d 900) (1985).

8. Rolleston contends the trial court erred in charging that a violation of the Standards of Conduct constitutes legal malpractice. Rolleston fails to cite to the charge he contends was erroneous, and fails to demonstrate that he preserved any error by objecting to the charge.

Nevertheless, our review of the record reveals that the trial court did not charge the jury that a violation of the Standards of Conduct constitutes legal malpractice. Rather, the court charged the jury that such rules could be taken into consideration by them in determining

whether Rolleston had committed professional negligence. This is a proper statement of the law under *Allen v. Lefkoff, Duncan &c.*, 265 Ga. 374, 377 (453 SE2d 719) (1995) (bar rules not determinative of standard of care applicable in legal malpractice actions, but may be considered along with other facts and circumstances).

9. In his final enumeration of error, Rolleston contends that the trial court erred in failing to grant his motion for directed verdict and motion for summary judgment. As Rolleston omitted this enumeration from his argument in his brief, it is abandoned. Court of Appeals Rule 27 (c) (2).

### Case No. A97A0056

Rolleston also filed a notice of appeal of the trial court's order requiring a supersedeas bond. As Rolleston has not filed enumerations of error relating to this appeal, or addressed it in his brief, it is abandoned.

*Judgments affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 6, 1997 —
RECONSIDERATION DENIED JUNE 11, 1997 — ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Before Judge Jenrette.

*Sullivan, Hall, Booth & Smith, Rush S. Smith, Jr.*, for appellant.
*Moreton Rolleston, Jr.*, pro se.
*Shelby Outlaw, Scott M. Kaye*, for appellee.