## A04A1291. ELLIS v. HOLDER et al.
### (600 SE2d 425)

PHIPPS, Judge.

The plaintiff (Harvey Ellis) and the defendants (John and Virginia Holder) are owners of adjoining land lots who disagree over the actual location of their common boundary line. Approximately 80 acres are in dispute. Ellis employed Thomas Dobson, a licensed and registered land surveyor, to conduct a survey of his land lot. Dobson testified on behalf of Ellis at the bench trial of this case. The Holders employed Charles Wardlaw, also a licensed and registered land surveyor, to conduct a survey of their land lot. Wardlaw testified on behalf of the Holders. Ellis appeals the final judgment awarding the disputed acreage to the Holders in accordance with the Wardlaw survey. Finding no merit in any of Ellis's claims of error, we affirm.

1. Ellis first contends that the trial court erred in ruling that the Wardlaw survey correctly showed the boundaries of the Holders' land lot, essentially on grounds that the Dobson survey employed a more accurate methodology and thus should have been accorded greater weight.

Weighing the evidence is, however, a function for the trier of fact rather than the appellate court.[1] "[T]he appellate standard of review for nonjury trials of disputed material facts is the clearly erroneous test, also known as the 'any evidence' rule. As such, the sole question for determination on appeal is whether there is any evidence to authorize the trial court's judgment. . . . [Cits.]"[2] Unquestionably, there is.

2. Ellis next contends that the trial court erred in ruling that the Wardlaw survey rather than the Dobson survey correctly showed the boundaries of the parties' land lots, in that Dobson relied on a line that had been blazed onto the ground and referred to in a deed within Ellis's chain of title in determining the land lot boundaries; whereas Wardlaw relied on artificial monuments not referred to in any deeds.

In reliance on cases such as *Martin v. Patton*[3] and *KDS Properties v. Sims*,[4] Ellis argues that blazed lines on the ground referred to in deeds take precedence over monuments not referred to in deeds. Ellis's reliance on these cases is misplaced, as they contain no such rule. In pertinent part, *Martin* merely holds that "[w]henever, in a conveyance, the deed refers to monuments actually erected as the

---

[1] See *Jump v. Benefield*, 193 Ga. App. 612, 615 (3) (388 SE2d 864) (1989).
[2] *Enviro Pro v. Emanuel County*, 265 Ga. App. 309, 311 (593 SE2d 673) (2004).
[3] 225 Ga. App. 157 (483 SE2d 614) (1997) (physical precedent only).
[4] 234 Ga. App. 395 (506 SE2d 903) (1998).

boundaries of the land, it is well settled that these monuments must prevail, whatever mistakes the deed may contain, as to courses and distances."[5] According to *KDS Properties*, "all monuments whether natural or artificial are deemed superior to courses and distances; the superiority of monuments over metes and bounds is limited to those which are referred to in the deed itself."[6]

Ellis also complains that the trial court ignored his testimony that although he had placed one of the monuments on the property, he had ceased considering it as marking the corner of the lot when he discovered the true boundary line years before this litigation was instituted. The Holders, however, submitted evidence that in his contractual dealings with others, Ellis still used this monument as marking the lot corner.

3. Ellis contends that the trial court erred in admitting evidence of a survey conducted by another surveyor employed by the Holders in that the survey was prepared in partial reliance on certain data of which the surveyor had no personal knowledge. The court did not err in overruling this objection.

> An expert may base his opinion on hearsay and may be allowed to testify as to the basis for his findings. When an expert's testimony is based on hearsay, the lack of personal knowledge on the part of the expert does not mandate the exclusion of the opinion but, rather, presents a . . . question as to the weight which should be assigned the opinion.[7]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED MAY 19, 2004.

*Franklin & Franklin, James D. Franklin,* for appellant.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, Mark M. Webb, Divine & Dorough, Kermit S. Dorough, Jr.,* for appellees.

---

[5] 225 Ga. App. at 162-163 (2).

[6] 234 Ga. App. at 397-398 (2).

[7] (Citations omitted.) *Davis v. Williams*, 165 Ga. App. 45, 46 (3) (299 SE2d 102) (1983).