A04A1811. HOBBS v. LOVELADY et al.
(611 SE2d 661)

MILLER, Judge.

Margaret Hobbs appeals from the trial court's grant of summary judgment to Michael Lovelady and Charles Cimarik on her complaint for a prescriptive easement across certain property owned by the appellees, and to quiet title as to a disputed portion of property. As there is no evidence that Hobbs obtained an easement across the appellees' property, we affirm in part. However, since an issue of fact remains as to the location of the boundary between the two properties, we reverse in part.

Hobbs and the appellees are adjoining landowners. The dispute began when the appellees staked out and planned to erect a fence which would block a driveway that had been shared by the appellees (and their predecessors in title) and Hobbs. As a result of the dispute, both the appellees and Hobbs had surveys of their properties. The appellees' surveyor reset two rear corner pins moving the rear property line and a small horizontal strip of property further south onto Hobbs's property. The appellees then set out flags to mark the site of the planned fence between their property and Hobbs's property. Hobbs's surveyor later concluded that a common corner pin between and in the rear of Hobbs's lot and the appellees' lot had been

moved, shortening the boundary line of Hobbs's property and extending the appellees' rear boundary line. He noted that Hobbs's deed called for a rear dimension of 107 feet while he measured slightly over 101 feet. He opined that the appellees' surveyor had rotated the appellees' property a few degrees around the parties' front common corner, creating a gap between the appellees' property and the property of their northern neighbor, as well as an overlap of the appellees' property and Hobbs's property.

Hobbs subsequently filed a "Complaint for Prescriptive Easement, for Adverse Possession, for Estoppel, for Acquiescence, to Remove Encroachment and to Quiet Title as to the Legal Boundary Line of the Respective Properties." The complaint contained two main allegations: (1) that Hobbs had an easement across a portion of a driveway on the appellees' property, and (2) that she was entitled to the disputed six feet in the rear of her lot. The appellees moved for summary judgment, which the trial court granted.

On appeal from a grant of summary judgment, this court conducts a de novo review of the evidence viewed in the light most favorable to the nonmovant, to determine whether any question of material fact exists. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

1. Hobbs argues that the trial court erred in granting summary judgment to the appellees on her claim for an easement by either prescription or acquiescence along the appellees' driveway. She contends that because the private way was in use for more than seven years, did not exceed twenty feet, and was kept open and in repair, she acquired a prescriptive easement. Hobbs further argues that since acquiescence for seven years can establish a dividing line, it should also establish a limited easement.

It is true that "[w]henever a private way has been in constant and uninterrupted use for seven or more years and no legal steps have been taken to abolish it, it shall not be lawful for anyone to interfere with that private way." OCGA § 44-9-54. However, "prescription does not begin to run until the user notifies the owner, by repairs or otherwise, that he has changed his position from that of a mere licensee to that of a prescriber." (Citation and punctuation omitted.) *Keng v. Franklin*, 267 Ga. 472, 473 (480 SE2d 25) (1997). Here, although there was evidence that the driveway did not exceed 20 feet and that it had been shared by predecessors in title to both properties, there was no evidence presented that Hobbs or her predecessors in

title ever gave actual or constructive notice of an intention to prescribe to the appellees or their predecessors in title. See *First Christian Church &c. v. Realty Investment Co.*, 180 Ga. 35, 39-41 (178 SE 303) (1934). In fact, when the appellees' predecessor in title built a brick column and a wood rail fence on the driveway in 1989, Hobbs neither objected nor attempted to move the column, which partially limited her use of the driveway. Even if the seven years' use began in 1989, moreover, there is no evidence of actual or constructive notice to the appellees or their predecessors of an intent to prescribe. Hobbs argues that she kept the drive open and in repair and that such was sufficient to satisfy the notice requirement. However, the mere acts of keeping grass out of or passing over the driveway cannot accomplish prescription. See id. at 40; *Nassar v. Salter*, 213 Ga. 253, 255 (1) (98 SE2d 557) (1957).

Hobbs's argument that she acquired an easement by acquiescence is also without merit. Acquiescence for seven years by acts of adjoining landowners shall establish a dividing line, *not* an easement (see OCGA § 44-4-6), and we decline to expand this rule to the facts of this case.

For these reasons, the trial court did not err in granting summary judgment to the appellees on Hobbs's claim of easement.

2. Hobbs claims that the trial court erred in granting summary judgment to the appellees on her claim to quiet title to the boundary line between her property and the appellees' property. We agree. The general rule is that "all monuments whether natural or artificial are deemed superior to courses and distances; the superiority of monuments over metes and bounds is limited to those which are referred to in the deed itself." (Punctuation and footnote omitted.) *Ellis v. Holder*, 267 Ga. App. 503, 504 (2) (600 SE2d 425) (2004). "Ancient or genuine landmarks such as corner stations or marked trees shall control the course and distances called for by the survey." OCGA § 44-4-5 (2). In this case, the mark of an iron pin found in the corners of the respective properties would be superior to the distance described in Hobbs's deed. See *Atlanta Trailer Mart v. Ashmore Foods, Inc.*, 247 Ga. 254, 255 (1), (2) (275 SE2d 336) (1981). The appellees' deed referenced iron pins at the corners of their property. However, their surveyor opined that because he found pins in the field that were not on the appellees' plat, the pins were incorrect, and he reset them based upon the plat. Hobbs's surveyor came to a different conclusion about the proper location of the rear corner pin between the lots based upon the distance called for in Hobbs's deed, which did not contain reference to any monuments. He concluded that based upon other surveys and other monuments, an iron pipe, one of the monuments he found purportedly representing a corner of Hobbs's

property, was incorrect. As each surveyor came to different conclusions about the location of the rear corners of the properties, and as each disregarded certain monuments found in the course of determining the boundaries, there remains an issue of material fact as to those boundaries. The trial court thus erred in granting summary judgment to the appellees on this ground. See, e.g., *Gillis v. Buchheit*, 232 Ga. App. 126, 128 (1) (500 SE2d 38) (1998).

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 27, 2005 —
RECONSIDERATIONS DENIED MARCH 11, 2005 — 

*Christopher J. McFadden*, for appellant.
*Smith, Diment & Conerly, Dana G. Diment*, for appellees.