62230. DUNCAN & STANCIL, INC. v. PEDEN et al.

QUILLIAN, Chief Judge.

This is a defendant's appeal from a verdict and judgment for plaintiffs in an action for negligent damage to a house.

Defendant presented no evidence and plaintiffs' evidence was as follows:

Plaintiff-appellees Peden, husband and wife, were building a house and hired Stafford, a relative with construction experience, to supervise its construction. Through Stafford, Peden hired appellant firm to excavate the ground for the basement. Stancil came with a tractor, did the excavating and Peden paid appellant firm for the work. A basement was then constructed under Stafford's supervision, with the front and sides of reinforced concrete block and the rear, being above grade, of wood frame. A one-story wood frame house was erected on the basement. When the construction of the house was substantially completed, Peden contacted appellant firm to have some grading done and the basement excavation backfilled. Duncan told Peden that he would "set it up with" Alley to do the work. In due course Alley arrived at appellees' house with appellant's ten ton front end loader which was mounted on and propelled by tracks rather than wheels. It was the same machine Stancil had used to make the excavation. Stafford first had Alley do some other work with the machine and then told him to backfill the basement excavation at the front of the house. The excavation was about 30 to 40 inches away from the basement wall at the top and closer to the wall farther down.

When Alley first started he dropped the fill dirt directly into the hole. Stafford asked him not to do that and instead just to push the fill dirt to the edge and let it slide down. Alley complied. Stafford testified that the reason he asked Alley to push the dirt in was to avoid possibility of breaking the basement wall by dropping the dirt. Alley continued the backfilling and Stafford left him and went about 50 feet away from the house to assist Peden in cutting up some trees. After some time they both heard a loud noise from the house. They went to the front of the house and discovered that the center of the basement front wall had ruptured into the basement about one-third up from the bottom, collapsing a large portion of the front basement wall. The front center of the house also had collapsed. The tractor with Alley on it was parallel to the front wall of the house, tilted over toward the building with the nearer track on fill dirt about 30 inches from where the basement wall had been. The inside edge of track farther from the house was dug into solid ground apparently holding the tractor from slipping any further. The tractor was pulled out by a wrecker. The damage to the house was such that it had little salvage value. Stafford testified that in normal construction practice the weight of a tractor is never placed on fill dirt close to a retaining wall because the weight of the machine compacts the dirt creating a pressure a residential wall is not designed to withstand. An engineer qualified as an expert on the subject testified based on hypothetical facts that the weight of a moving ten ton tractor on newly backfilled soil against a basement wall such as the one in question would exert a force of 30,000 pounds against a basement wall about one-third the way from the bottom, a greater force than the weight of the fill dirt alone would create.

Appellant alleges error because of the denial of its motions for directed verdict and for judgment notwithstanding the verdict on the grounds that the evidence was insufficient to establish Alley's negligence and proximate cause, and because the evidence showed that Alley was not acting as appellant's servant but was acting under the direction and control of appellees, or he was under their joint control, thus barring imputation of any negligence by Alley to appellant. *Held:*

The standard for the grant of motions for directed verdict and for judgment notwithstanding the verdict is that "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict," the motions should be granted. Code Ann. § 81A-150 (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248).

Negligence is the failure to exercise the care which an ordinarily prudent person would use under the circumstances. 57 AmJur2d 334,

Negligence, § 1.

"Except in plain, palpable and indisputable cases, all questions of negligence, contributory negligence, cause and proximate cause, and whose negligence constituted proximate cause of an injury, are for the jury. [Cit.] And, on appeal the evidence is to be construed to sustain rather than to destroy, the verdict, for every presumption and inference is in its favor. [Cit.]" *Jordan v. Ellis,* 148 Ga. App. 286, 289 (250 SE2d 859).

Negligence may be proved by circumstantial as well as by direct evidence. *Cagle v. Atcheley,* 127 Ga. App. 668 (5) (194 SE2d 598).

The evidence is such that a jury could reasonably infer from the circumstances that Alley was negligent in operating the heavy tractor on freshly filled soil too close to the basement wall and that the weight of the tractor on the loose soil proximately caused the wall to rupture and collapse. No other reasonable hypothesis is apparent from the evidence. Therefore, a verdict for appellant was not demanded on the issues of negligence and proximate cause.

The test of whether Alley was a borrowed servant of appellant and was appellees' servant is (1) that appellees or their agent Stafford had complete control and direction of Alley at the time, (2) that appellant had no such control, and (3) that appellees had the exclusive right to discharge Alley, to put another in his place or to put him to other work. *Fulghum Industries v. Pollard Lumber Co.,* 106 Ga. App. 49, 52 (126 SE2d 432); Charter Builders v. Sims Crane Service, 150 Ga. App. 100 (2) (256 SE2d 678).

The evidence concerning Alley's status in relation to the parties was in conflict. It showed that Peden asked appellant to do the work and Alley was sent apparently as appellant's employee. He arrived with and used what was apparently appellant's tractor. However, Stafford exercised some control over Alley in that he specified what tasks Alley was to perform and, concerning the backfilling, how he wanted Alley to put the soil in. This conflicting evidence did not demand a verdict for appellant and was properly left for the jury to determine whether any negligence by Alley should be imputed to appellant.

Accordingly, the trial court did not err in denying appellant's motions for directed verdict and judgment notwithstanding the verdict.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1981.

*T. Cullen Gilliland, James S. S. Howell,* for appellant.

*Reid G. Kennedy,* for appellees.