### 73943. BYRD v. RIVENBARK.
(359 SE2d 433)

POPE, Judge.

Plaintiff appeals the grant of summary judgment to defendant Lisa Jo Rivenbark, as administratrix of the estate of Donald Hoke Rivenbark. The record shows that plaintiff's decedent, Kermit Byrd, received fatal injuries when he was struck on the head by a tree limb located on the Rivenbark property. Although the facts concerning Byrd's initial invitation onto defendant's property are somewhat in dispute, for the purpose of this appeal it is stipulated that Byrd occupied the status of a business invitee, and the record shows that Byrd and others were on the property for the specific purpose of removing the tree limb, which had become partially detached during a storm.

The record also shows that Byrd was struck on the head while attempting to accomplish this purpose.

On appeal, plaintiff argues that the trial court erred in granting summary judgment to defendant, based on Byrd's equal knowledge of the danger presented by the broken limb. In support of her contention, plaintiff argues that "the Rivenbarks did possess superior knowledge of the tree's condition in that they knew of the cause and date of the breaking of the tree limb," information they allegedly did not provide to plaintiff's decedent.

"The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully on the premises. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted. (Emphasis supplied.) . . . *An invitee who is as fully aware of the dangers and defects of the premises of the proprietor as is the proprietor himself, in coming on such premises assumes the risks thereon, and cannot recover from the defendant for injuries resulting by reason of such dangers and defects.* (Emphasis supplied.)" (Punctuation omitted.) *Harris v. Star Svc. &c. Co.,* 170 Ga. App. 816, 817 (318 SE2d 239) (1984); see also *Amear v. Hall,* 164 Ga. App. 163 (2) (296 SE2d 611) (1982); *Jones v. Interstate North Assoc.,* 145 Ga. App. 366 (243 SE2d 737) (1978). Thus, "there is no obligation to protect the invitee against dangers or hazards which are known to him or which are so obvious and apparent he may reasonably be expected to discover them." *Amear,* supra at 169.

Here it is undisputed that the hazard caused by the partially detached limb, which witnesses described as "broken over with the branches hanging over the ground," was both obvious and known to Byrd, since he was invited onto the property for the express purpose of removing it. As to plaintiff's argument concerning defendant's alleged knowledge of the cause and date of the breaking of the limb, we fail to see, and plaintiff has failed to show, how such information constituted superior knowledge of the danger created by the detached limb or that informing Byrd of such facts would have altered his behavior in attempting to remove the detached limb, or would have enabled him to avoid the unfortunate events that occurred. In this regard, we are persuaded by the affidavit of William Strange, which was offered in support of plaintiff's brief in opposition to defendant's motion for summary judgment, in which Mr. Strange averred that

"[w]hen the limb broke away from the main part of the tree, it did so in an unexpectantly [sic] sudden way and turned in an unusual and unexpected direction which resulted in the fatal injury to the head of Kermit Byrd." Thus, it appears that the injury here resulted from an unexpected and unforeseeable circumstance. "One is not bound to anticipate or foresee and provide against that which is unusual or that which is only remotely and slightly probable." (Citations and punctuation omitted.) *Ramsey v. Mercer*, 142 Ga. App. 827, 829 (237 SE2d 450) (1977). We find, therefore, that the record in the case sub judice demonstrates no issue of material fact concerning defendant's liability for plaintiff's decedent's death; hence the trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JULY 7, 1987.

*Roy L. Allen, Jr., Kevin E. Perry*, for appellant.
*Carroll Van Reynolds*, for appellee.