A96A1863, A96A1864. BONARD v. LOWE'S HOME CENTERS, INC.; and vice versa.
(479 SE2d 784)

SMITH, Judge.

Kimberly Bonard brought suit against Lowe's Home Centers, Inc., and others to recover damages for injuries she incurred in a five-car collision. She later amended her complaint to seek punitive damages from Lowe's. Lowe's moved for summary judgment or, alternatively, for partial summary judgment on the issue of punitive damages. The trial court denied Lowe's motion for summary judgment but granted its motion for partial summary judgment as to punitive damages. In Case No. A96A1863, Bonard appeals from the trial court's grant of partial summary judgment to Lowe's; in Case No. A96A1864, Lowe's cross-appeals from the denial of its motion for summary judgment.

The record reveals that Melissa and Philip Carl purchased a 4' × 8' pegboard at Lowe's in Savannah. A Lowe's employee, Jeffery Tourney, tied it to the top of the Carls' van and they drove away. With Mrs. Carl driving, they exited the Lowe's parking lot slowly and turned right onto Abercorn. Shortly after they did so, the pegboard snapped off the van. Mrs. Carl slowed the van and waited for traffic to pass. She then stopped the van in the right hand lane, while Mr. Carl exited the van and went back to retrieve the pegboard. The vehicle immediately behind the van, driven by Sandra Carter, was able to slow and stop in time. The third car in line, however, was not able to do so. That car, driven by Bonard's husband, collided with the Carter car from the rear. Although the initial impact with the Carter vehicle

was not severe, the Bonard car was then hit from the rear and collided with the Carter car again, injuring Mrs. Bonard. The last car also joined the pileup.

Bonard claimed that Lowe's was liable for her injuries because it negligently secured the pegboard to the Carl van and the pegboard was ultimately responsible for causing the collision. Her claim for punitive damages against Lowe's was based upon her allegation that Lowe's knew or should have known the pegboard was composed of material that was unstable when exposed to wind pressure, so that its conduct in tying the board to the Carls' vehicle despite this knowledge exhibited a conscious indifference to consequences. She claimed she was entitled to unlimited punitive damages under OCGA § 51-12-5.1 (f) because Lowe's actions exhibited a specific intent to harm.

1. Punitive damages are authorized when clear and convincing evidence shows that the defendant's conduct exhibits "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b). If the defendant's actions evince a specific intent to harm, unlimited punitive damages are authorized. OCGA § 51-12-5.1 (f). The trial court found that even construing the facts in favor of Bonard, Bonard had presented no evidence indicating that Tourney or Lowe's was anything more than negligent. We agree, and we affirm the grant of partial summary judgment as to punitive damages.

Bonard is correct that a conflict exists between Tourney's deposition testimony and that of the Carls. Tourney testified that he suggested placing the pegboard inside the van and tying down the hatch, but Mr. Carl insisted on having it tied to the roof. He testified that he told the Carls that it was Lowe's policy that it would not be responsible once they left the parking lot and that the pegboard was constructed of very unstable material and was subject to wind pressure, so they should drive slowly. He asked the Carls repeatedly if the pegboard was satisfactorily tied, and he informed them that Lowe's would deliver the pegboard. The Carls testified that it was Tourney who suggested tying the pegboard to the roof of the van. They testified that Tourney never told them Lowe's had a policy that it was not responsible once their vehicle left the parking lot, that Lowe's would deliver, that the material was unstable, or that they should drive slowly.

These conflicts are not material, however, because even taking the Carls' testimony as true, no evidence exists that Lowe's had a policy of disregarding consequences, as Bonard suggests. No evidence indicates anything other than possible negligence on the part of Tourney. We certainly do not agree with Bonard that Tourney's actions meet the standard for *unlimited* punitive damages set forth

in *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 804-805 (4) (418 SE2d 604) (1992). In that case, even where it was established that the defendant's employee intended to drink and drive, this Court held that he had no specific intent to cause harm. The trial court did not err in granting partial summary judgment to Lowe's as to punitive damages.

2. The trial court did err, however, in denying Lowe's motion for summary judgment. To state a claim against Lowe's, Bonard is required to show that Lowe's negligence was the *legal* cause of her injuries, i.e., that Lowe's negligence was the cause to which the law attributes her injury. She must show "a legally attributable causal connection between the defendant['s] conduct and the alleged injury. The inquiry is not whether the defendant['s] conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery. In Georgia, questions of negligence and proximate cause are ordinarily reserved for the jury, but in plain and undisputed cases the court may make a determination as a matter of law. A cause which is merely incidental is not the proximate and responsible one. Where the evidence plainly and manifestly shows that the injury was caused by the intervening efficient act of a third person, the defendant cannot be held responsible for having produced the injury, and the question is then one of law for determination by the court, and not one of fact for the jury." (Citations and punctuation omitted.) *Baughcum v. Cecil Key Paving*, 190 Ga. App. 21, 23 (2) (378 SE2d 151) (1989).

In this case, Bonard cannot show that Lowe's conduct was the legal cause of her injuries. Even assuming Lowe's employee was negligent in tying the pegboard atop the Carls' van, that negligence was not the legal cause of her injuries. The actions of several other people intervened and were the cause of her injuries. These actions include Mrs. Carl's stopping her van in the lane of traffic, Bonard's husband's failure to stop his own car in time, and the actions of the driver behind the Bonards in hitting her car from the rear and causing Bonard to hit her head against the windshield. None of these people even *saw* the pegboard. In fact, at the time of the collision, the pegboard had been retrieved by Mr. Carl. The trial court erred in denying Lowe's motion for summary judgment.

*Judgment affirmed in Case No. A96A1863. Judgment reversed in Case No. A96A1864. Pope, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 18, 1996.

*Alton D. Kitchings*, for appellant.

*Forbes & Bowman, Morton G. Forbes, Johnny A. Foster*, for appellee.