A97A2091. BROGDON v. WAL-MART STORES, INC. et al.
(496 SE2d 499)

ANDREWS, Chief Judge.

Gladys Brogdon appeals from the trial court's grant of summary judgment to Publix Supermarkets and Wal-Mart Stores on Brogdon's claims arising from injuries she received when a runaway shopping cart hit her in Wal-Mart's parking lot. We affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . ." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). So viewed, the evidence was that on the day in question, Brogdon parked her car about ten to twelve feet from the lawn and garden entrance to the Wal-Mart store. On her way into the store, she noticed some shopping carts on the sidewalk by the door. Brogdon made her purchases and left the store about 15 minutes later, walking out the same way she entered. She walked down a ramp from the sidewalk to the parking lot, took about four or five steps, and heard a noise behind her. She turned around and saw a shopping cart coming down the ramp toward her. The shopping cart hit Brogdon and knocked her down. Brogdon said that it was very windy on the day in question, and a strong gust of wind must have set the cart in motion. A Wal-Mart employee stationed near the exit said she watched Mrs. Brogdon leave the store and confirmed that a gust of wind sent a

Publix shopping cart rolling toward Mrs. Brogdon.

Brogdon sued both Publix and Wal-Mart for the injuries she received when she was knocked down by the cart. The trial court granted summary judgment to Publix, finding Brogdon submitted no evidence whatsoever that Publix was negligent. The trial court also granted summary judgment to Wal-Mart, finding Brogdon's injury to be the result of an "unexpected and unforeseeable circumstance." This appeal followed.

1. The trial court properly granted summary judgment to Publix on Brogdon's claim. Brogdon, without citing any authority, argues that Publix is liable for her injury because it failed to keep its shopping cart in a place where it could not harm Brogdon. She does not point to any evidence of negligence on Publix's part, and indeed, there is none. Brogdon herself testified that Publix was in a separate building and "Wal-Mart is nowhere near Publix." Further, two assistant store managers for Publix who worked on the day in question stated in their affidavits that Publix employees are instructed to visually inspect the parking lot and retrieve shopping carts every 15 to 20 minutes. The assistant managers also stated that no one informed them that there were shopping carts belonging to Publix in the Wal-Mart parking lot.

Although Brogdon cites several "unattended vehicle" cases in support of her claim against Publix, contending they are analogous, they are not on point. In situations where an unattended vehicle started rolling and caused damage or injury, the person responsible was the person who left the vehicle unattended. Here, there is no evidence Publix took the cart to the Wal-Mart and no evidence Publix was aware the cart was in front of the Wal-Mart. Indeed, as previously stated, the only evidence in the record is to the contrary. Therefore, Brogdon's statement that "[Publix] negligently caused its cart to be moved to a place behind the Wal-Mart store where it was standing loose" is totally unsupported by any evidence in the record.

2. The trial court correctly granted summary judgment to Wal-Mart. Brogdon's theory of recovery against Wal-Mart was that Wal-Mart failed to exercise ordinary care to keep the approaches to its premises safe when it allowed shopping carts to remain loose and unattended near the entrance of the store. This argument fails for two reasons.

First, a gust of wind strong enough to send a shopping cart sailing down a ramp into the parking lot, striking a shopper, and knocking her down, is an unexpected and unforeseeable circumstance. There is no evidence in the record this had ever happened before and, as the trial court correctly found, "[n]egligence is predicated on what should have been anticipated rather than on what happened. And one is not bound to anticipate or foresee and provide against that

which is unusual or that which is only remotely and slightly probable." *Moses v. Chapman*, 113 Ga. App. 845 (149 SE2d 850) (1966). See also *Cummings v. Grubb*, 184 Ga. App. 872 (363 SE2d 167) (1987); *Byrd v. Rivenbark*, 183 Ga. App. 564 (359 SE2d 433) (1987); *Ramsey v. Mercer*, 142 Ga. App. 827 (237 SE2d 450) (1977). As there was no evidence of any negligence on Wal-Mart's part, the trial court correctly granted summary judgment to Wal-Mart on Brogdon's claim.

3. Publix's motion for imposition of a penalty for frivolous appeal pursuant to OCGA § 5-6-6 and Court of Appeals Rule 15 (b) is denied.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 27, 1998 —
RECONSIDERATION DENIED FEBRUARY 6, 1998

*Clark & Clark, Fred S. Clark*, for appellant.
*Karsman, Brooks & Callaway, Stanley Karsman, Tracie G. Smith, McClain & Merritt, Howard M. Lessinger*, for appellees.