## A98A1282. ROBERTS v. DOVE.
### (508 SE2d 213)

McMURRAY, Presiding Judge.

Phyllis Roberts brought an action against Keith Dove after Dove drove his son's pickup truck into the side of Roberts' pickup truck. The evidence adduced at a jury trial reveals that the collision occurred at about 4:45 in the afternoon on October 19, 1995, as Roberts was turning left against traffic from a service station on Buford Road. This stretch of highway then consisted of four traffic lanes and a center turn lane. Dove hit Roberts in the center lane near a traffic light at the intersection of Highway 316. The impact occurred where the center lane was lined for two-way turns and no passing, but posted with overhead road signs and painted with a road arrow authorizing left turn use onto Highway 316. Dove testified that he was in the center lane when the collision occurred because he was preparing to turn onto Highway 316.

Roberts testified that, when traffic backed up from the traffic light at Highway 316, motorists allowed her to exit the service station and cross in front of them. Roberts explained that "I eased out [in front of the stopped cars], and then I got to this lane right here, I looked to my right because nothing was coming, and then I looked — and as I was pulling out, I looked to my left and I just eased into this lane, this lane right here, and then as I was making the turn over there, I looked to the right to make sure, and then as I got ready to complete the turn a car just hit me. . . ."

Dove testified that the collision occurred just after he maneuvered into the center lane, explaining that Roberts' truck appeared in his path from behind a van that was stopped in the neighboring traffic lane. Dove responded on cross-examination that he did not know who caused the collision, but claimed that he was driving lawfully in the center lane when the collision occurred. An investigating police officer testified that Dove was using the center lane for passing in violation of OCGA § 40-6-46 at the time of the collision, explaining that the collision occurred where the center lane was lined for no passing. An expert traffic engineer agreed that the collision occurred where the center lane was lined for no passing, but explained that the crash site was also posted with overhead signs which may have justified Dove's use of the center lane at the time of the collision. Photographs of the accident scene reinforce that the collision occurred at a point where overhead road signs and a road

arrow authorized Dove's use of the center lane for preparation to turn onto Highway 316.

The jury returned a verdict for Dove. Roberts filed this appeal after the denial of her motion for new trial. *Held*:

1. Roberts contends the trial court erred in denying her motion for new trial, arguing that there is no proof that she caused the collision. Roberts urges that the only evidence of fault is Dove's unlawful use of the center lane for passing and that this violation was the sole proximate cause of the collision.

Although it is undisputed that Dove struck Roberts' truck where the center lane was lined for no passing, there is proof that the crash occurred where the center lane was painted with an arrow and posted with signs which authorized Dove's presence in the center lane (for turning onto Highway 316) during the collision. Since this evidence would authorize a finding that Dove was not violating OCGA § 40-6-46 during the collision, the question of Roberts' duty to yield to Dove's approaching vehicle, as required by OCGA § 40-6-73, was for the jury. See *Harrison v. Ellis*, 199 Ga. App. 199, 201 (404 SE2d 348). But even assuming Dove was violating OCGA § 40-6-46 during the collision, this circumstance alone would not demand a verdict for Roberts. While Roberts had a right under *Harrison v. Ellis*, 199 Ga. App. 199, supra, to assume that other drivers would be obeying the rules of the road, this right did not absolve her of the duty to exercise ordinary care in looking out for approaching vehicles. See *Lusk v. Smith*, 110 Ga. App. 36, 39 (137 SE2d 734). To this issue, Roberts' testimony indicates that she may not have looked for traffic in the turn lane until she was "pulling out" or "making the turn." This testimony, and evidence of conditions upon which the collision occurred, was sufficient to place the issue of Roberts' negligence before the jury. " 'Except in plain, palpable and indisputable cases, all questions of negligence, contributory negligence, cause and proximate cause, and whose negligence constituted proximate cause of an injury, are for the jury. (Cit.) And, on appeal the evidence is to be construed to sustain rather than to destroy, the verdict, for every presumption and inference is in its favor. (Cit.)' *Jordan v. Ellis*, 148 Ga. App. 286, 289 (250 SE2d 859)." *Duncan & Stancil, Inc. v. Peden*, 159 Ga. App. 77, 79 (282 SE2d 708).

The trial court did not err in denying Roberts' motion for new trial.

2. Contrary to Roberts' third, fourth and fifth enumerations of error, the evidence supported the trial court's jury instructions on comparative negligence, a plaintiff's duty under OCGA § 51-11-7 to exercise ordinary care to avoid the consequences of a defendant's negligence and a driver's duty to yield to approaching traffic under OCGA § 40-6-73.

3. Roberts' contention that the trial court erred in charging the jury on assumption of the risk presents nothing for review because the trial transcript reveals that the trial court did not charge the jury on assumption of the risk.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED OCTOBER 26, 1998.

*Divida Gude,* for appellant.
*Allen & Associates, David W. Wallace,* for appellee.