A99A0443. BROWNING-FERRIS INDUSTRIES OF GEORGIA, INC. v. PITTS.
(520 SE2d 539)

MCMURRAY, Presiding Judge.

Marjorie Pitts was severely injured after her car struck a residential trash container that rolled into her oncoming car's traffic lane. This appeal followed entry of a favorable judgment for Pitts on a $200,000 jury verdict against the City of Canton's ("the City") waste management contractor, Browning-Ferris Industries of Georgia, Inc. ("BFI"). We affirm because the evidence authorizes the jury's verdict.

The evidence adduced at trial, construed so as to uphold the jury's verdict (*Flournoy v. Brown*, 226 Ga. App. 857, 861 (4) (487 SE2d 683)), reveals that BFI owned the trash container in question and assigned it for use (weekly curbside garbage pickups) at a residence adjacent to the collision scene; that the occupant of this residence placed the trash container in or near the roadway upon vacating the premises two weeks before the collision, and that this container obstructed traffic until the collision. The evidence also reveals that BFI employees serviced (emptied or checked) the trash container on two separate occasions before Pitts' collision; that the container was "just over the [road's] white line" a few hours before the collision, and that a truck swerved to avoid this hazard moments before Pitts' car hit the container. Eyewitness testimony reveals that this truck's maneuver somehow caused BFI's wheel-equipped garbage can to roll directly into the path of Pitts' car, and that road conditions at the time of the collision provided Pitts no safe opportunity for avoiding the hazard. *Held*:

BFI contends the trial court erred in denying its motions for directed verdict, arguing that the undisputed evidence shows that

the occupant of the residence where the subject trash container was assigned was obliged to look after the container and was, therefore, solely responsible for the hazard which caused Pitts' collision.

The threshold question of BFI's legal duty toward Pitts cannot be assigned according to BFI's or the City's agreement with the occupant of the residence where the subject trash can was assigned. "The legal duty in this case arises out of the general duty one owes to all the world not to subject them to an unreasonable risk of harm." *Bradley Center v. Wessner*, 250 Ga. 199, 201 (296 SE2d 693). The requisite inquiry is therefore whether, under the particular circumstances in the case sub judice, Pitts' injuries can be fairly attributed to BFI's conduct. That is, do the facts authorize the jury's finding that BFI unreasonably exposed Pitts to a foreseeable risk of harm? See *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237-238 (227 SE2d 336). To this issue, we observe testimony indicating that BFI instructed its employees to watch out for and remove any BFI trash container they found in the roadway during their regular garbage collection activities and that BFI employees serviced the trash container in question (and presumably observed it in the roadway) two days before the collision, but that they did not then remove the hazard from the road. This evidence, and proof that BFI employees were or should have been aware that the subject trash can was in the roadway and obstructing traffic two days before the collision, authorizes the jury's finding that BFI breached a common law duty to remove a foreseeable hazard from the roadway and that this failing was a proximate cause of Pitts' damages. See *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 511 (317 SE2d 853). BFI's argument that any negligence on its part was too remote to be a proximate cause of Pitts' collision was a matter which was properly left for jury resolution. See id. Questions of negligence, contributory negligence, and proximate cause are, except in plain, palpable and indisputable cases, for the jury. *Duncan & Stancil, Inc. v. Peden*, 159 Ga. App. 77, 79 (282 SE2d 708).

The trial court did not err in denying BFI's motions for directed verdict.

*Judgment affirmed. Pope, P. J., Smith, Ruffin and Eldridge, JJ., concur. Johnson, C. J., and Andrews, P. J., dissent.*

ANDREWS, Presiding Judge, dissenting.

Because I do not believe any alleged negligent act of Browning-Ferris Industries (BFI) was the legal causation of the accident in which Pitts was injured, I must respectfully dissent.

The only allegation of a negligent act against Browning-Ferris was that its employees "failed to place the refuse containers out of the roadway."

In addition to the facts set out by the majority, the following facts, viewed with all inferences in favor of Pitts, the opponent of the motion for directed verdict, are important to consideration of this matter. BFI picked up refuse for residents of the City of Canton pursuant to a contract between it and the city, and residents paid the city for their trash service directly. While trash containers marked with the BFI logo were provided to residents, this was done only when requested by the city. If a resident moved, unless notified to pick up the can by the city, BFI left the trash can for the incoming resident.

Reinhardt Parkway, where the wreck occurred, was a two-lane road, twenty-four feet wide, making each lane approximately twelve feet wide. The road was fairly busy, particularly during rush hours. BFI's weekly route on Reinhardt Parkway was run on Wednesday mornings, usually between 10:30 a.m. and 11:00 a.m. It was the homeowner's responsibility to have their trash container at curbside for this pickup. After the pickup, it was the homeowner's responsibility to remove the can from curbside within 24 hours. It was the policy of BFI and its practice that, if any driver or supervisor observed a can in the roadway, it would be removed from the roadway. The can involved in this accident had been empty for two weeks since the residents had moved, leaving the can by the curb. The can was last checked by BFI on their regular route the Wednesday morning before Thanksgiving.

Pitts, who lived approximately one mile from the accident site, cooked dinner for the McFarlands five days a week and drove to their house via Reinhardt Parkway each afternoon around 4:00 p.m. During the week of the accident, although she did not cook for them on Thursday (Thanksgiving), she did do so on the remaining days. When she drove to and from the McFarlands on Wednesday and to their home on Friday, the day of the accident, Pitts did not notice the BFI can in the roadway. As she was returning home Friday at dusk, with her headlights on, she hit the can, which was totally in her lane of traffic. Foster, who lived across the street from the house where the can involved in the accident belonged, testified she had seen the can when she returned home Friday around 2:00 p.m. At that time, the bottom of the can was on the white line and the top of the can was leaning at an angle "just over the [white] line." She avoided the can by driving closer to the yellow centerline. Foster happened to be on her porch as the accident occurred and saw a white truck come up the highway when "[t]he trash can rolled into the roadway." Foster also testified that the can "started to move" and "was slowly going into the roadway." Pitts then struck the can, causing her to go off the road.

Former State Trooper Fowler, who was approaching from the direction opposite Pitts, saw the can "sitting in the center of the west-

bound lane" approximately five to seven feet from curbside.

None of those who witnessed the accident saw any BFI trucks or personnel anywhere near the accident site and it is only speculation that any BFI employee caused the can to be in the roadway.

There was uncontradicted testimony that, when empty, the trash cans could be blown over or moved by gusts of wind.

> To state a claim against [BFI], [Pitts] is required to show that [BFI's] negligence was the legal cause of her injuries, i.e., that [BFI's] negligence was the cause to which the law attributes her injury. She must show a legally attributable causal connection between the defendant['s] conduct and the alleged injury. The inquiry is not whether the defendant['s] conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery. In Georgia, questions of negligence and proximate cause are ordinarily reserved for the jury, but in plain and undisputed cases the court may make a determination as a matter of law. A cause which is merely incidental is not the proximate and responsible one. Where the evidence plainly and manifestly shows that the injury was caused by the intervening efficient act of a third person [or a natural phenomenon], the defendant cannot be held responsible for having produced the injury, and the question is then one of law for determination by the court, and not one of fact for the jury. (Citations and punctuation omitted.) *Baughcum v. Cecil Key Paving*, 190 Ga. App. 21, 23 (2) (378 SE2d 151) (1989).

*Bonard v. Lowe's Home Centers*, 224 Ga. App. 85, 87 (2) (479 SE2d 784) (1996).

In *Bonard*, a piece of pegboard purchased at Lowe's and tied onto the top of the Carls' van by a Lowe's employee, thereafter flew off the top of the van. As Mrs. Carl waited in the van while her husband went to retrieve the pegboard, Carter was able to stop her car, but Bonard's husband was not able to stop and hit Carter. Then, another car hit Bonard from the rear, causing Mrs. Bonard's injuries. Although Lowe's acts could be said to be a cause in fact of the injury, it was not the legal cause. Similarly, in *Brogdon v. Wal-Mart Stores*, 230 Ga. App. 474 (496 SE2d 499) (1998), Brogdon was injured as she was leaving a Wal-Mart store and was struck by a Publix supermarket shopping cart which had been placed at the top of the Wal-Mart ramp. This Court concurred with the trial court that the sudden gust of wind strong enough to propel the cart was an unexpected and unforeseeable circumstance.

I conclude that, like the gust in *Brogdon*, the gust of wind two days after BFI had any contact with the trash can was the legal and proximate causation of Pitts' injury and BFI should have been granted its motion for directed verdict. See also *Mann v. Anderson*, 206 Ga. App. 760 (426 SE2d 583) (1992) (fog which caused poor visibility and automobile accidents found to be naturally occurring event created by an act of God independent of human agency).

I am authorized to state that Chief Judge Johnson joins in this dissent.

DECIDED JULY 8, 1999.

*Mark D. Oldenburg*, for appellant.
*Joan P. Davis*, for appellee.