### A99A1492. SANDERS v. MOORE.
(524 SE2d 780)

Miller, Judge.

Corey Sanders and Edward Moore were each traveling down one-lane dirt county roads, when their vehicles collided at an intersection.[1] In Sanders' suit for damages arising from the collision, the jury returned a verdict in favor of Moore. Sanders appeals and enumerates as error the denial of his motion for a directed verdict on liability and three errors in the jury charge. We affirm.

1. The standard of appellate review of a trial court's denial of a motion for a directed verdict is the "any evidence" standard.[2] On appeal, we must construe the evidence most strongly to support the jury verdict; likewise in considering a ruling on a directed verdict, the evidence must be construed in favor of the party opposing the motion.[3]

Viewed in this light, the evidence was unclear whether Sanders had the right of way at the intersection. But even assuming he did, a party having the right of way and the alleged right to assume the absence of negligence by others cannot drive blindly or recklessly across an intersection without regard for the conditions or consequences.[4] "It is his own duty to exercise ordinary care in being alert to observe vehicles approaching the crossing, and to exercise ordinary care in the control, speed, and movements of his car to avoid a collision. . . ."[5] The view of the intersection was obscured by trees and shrubs such that an approaching driver would have difficulty in seeing another vehicle. Sanders testified that as he approached the intersection, he was unable to stop when Moore pulled out in front of him.

---

[1] The responding state trooper cited Moore for failing to yield.

[2] F. A. F. Motor Cars v. Childers, 181 Ga. App. 821 (1) (354 SE2d 6) (1987).

[3] United Svcs. Auto Assn. v. Carroll, 226 Ga. App. 144, 147 (1) (486 SE2d 613) (1997).

[4] Roberts v. Dove, 234 Ga. App. 853, 854 (1) (508 SE2d 213) (1998); Smith v. Hiawassee Hardware Co., 167 Ga. App. 70, 74 (9) (305 SE2d 805) (1983).

[5] (Citation and punctuation omitted.) Laseter v. Clark, 54 Ga. App. 669, 672 (3) (189 SE 265) (1936).

From this evidence a jury could infer that Sanders was equally if not more negligent. First, because trees and shrubs obscured the intersection, a jury might have decided that Sanders should have decreased his speed as he approached the intersection. Second, Sanders admitted that he was unable to stop as he approached Moore's vehicle. Even if Sanders had the right of way entering the intersection, the jury may have found that he failed to exercise ordinary care for his own safety. Because Sanders approached an obscured intersection at a speed that did not allow him to stop, a jury could have inferred that Sanders was equally negligent. This could have resulted in a defendant's verdict.[6]

But Sanders contends that because Moore pled guilty to the criminal charge of failing to yield right of way, the evidence demanded a verdict in his favor on the issue of liability. Although a guilty plea is an admission against interest and prima facie evidence of the facts admitted, it is not conclusive that Moore was negligent and is only a circumstance to be considered with other evidence in a civil action for damages.[7] Moreover, evidence showed that Sanders' injuries may have arisen from a later accident, that no medical professional could discern any injuries to Sanders on the date of the collision, and that even a month later a physician could not find a basis for Sanders' subjective complaints. This evidence could support a finding of no proximate cause and also sustain a defendant's verdict.[8]

The denial of Sanders' motion for a directed verdict was not error.

2. Sanders also argues that the court erred by charging the jury on comparative negligence, avoidance of consequences, and sudden emergency. Sanders objected to the charges at trial on the ground that no evidence supported the charges.

Where there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to that issue.[9] To justify a charge on a given subject, it is not necessary that there be direct evidence on the point; it is enough if there is something from which a jury could infer a conclusion regarding the subject.[10]

Because there was evidence from which the jury could have inferred that Sanders was equally negligent, the charges on comparative negligence and avoidance of consequences were justified. There was also evidence that Sanders was confronted with a sudden emer-

---

[6] See *Union Camp Corp. v. Helmy*, 258 Ga. 263, 267 (367 SE2d 796) (1988).
[7] See *Peacock v. Strickland*, 198 Ga. App. 406 (1) (401 SE2d 601) (1991).
[8] See *Levine v. Choi*, 240 Ga. App. 384 (1) (522 SE2d 673) (1999).
[9] *Johnson v. Loggins*, 211 Ga. App. 265, 266 (3) (438 SE2d 711) (1993).
[10] *Flournoy v. Brown*, 226 Ga. App. 857, 859 (1) (487 SE2d 683) (1997).

gency, and therefore, the trial court did not err in giving that charge.
*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED NOVEMBER 8, 1999.

*Gilbert J. Murrah*, for appellant.
*Bowles & Bowles, Jesse G. Bowles III*, for appellee.