### A00A2570. LEWIS v. READY.
(544 SE2d 502)

PHIPPS, Judge.

Palmer Milton Lewis sued Spencer Leland Ready, Jr. for injuries allegedly sustained in an automobile collision. The jury returned a verdict for Ready. Lewis appeals, claiming that the trial court charged the jury on contributory negligence even though there was no evidence to support such a charge. We find no error and affirm.

The collision occurred at the intersection of Broad and Ninth Streets in Augusta. Lewis was driving west on Broad Street, and Ready was driving north on Ninth Street. The traffic light at the intersection was flashing yellow for drivers on Broad Street and flashing red for drivers on Ninth Street. As Lewis entered the inter-section, his car struck the right rear corner of Ready's vehicle. Lewis testified that he did not see Ready coming and had no time to brake. Lewis admitted, however, that there was nothing obstructing his view of Ready's vehicle, which he described as "a very higher-up Sub-urban." Ready did not testify.

The trial court charged the jury on principles of contributory negligence. Specifically, the court stated: "If you should determine from the evidence that the plaintiff failed to use ordinary care and that this failure was the sole proximate cause of the plaintiff's inju-ries, then the plaintiff could not recover from the defendant." The court further stated that "if the plaintiff by the exercise of ordinary care could have avoided the consequences caused by the defendant's negligence, as stated, the plaintiff is not entitled to recover."

Lewis does not dispute that these jury instructions were correct

statements of the law.[1] He asserts, however, that they should not have been given because there was no evidence that he failed to act with ordinary care or that he could have avoided the consequences of Ready's negligence. We disagree.

"A trial court has a duty to charge the jury on the law applicable to issues which are supported by the evidence."[2] If there is some evidence, however slight, on a particular issue, it is not error for the court to charge the jury on the law related to that issue.[3] Such evidence need not be direct; "it is enough if there is something from which a jury could infer a conclusion regarding the subject."[4]

Here, the evidence showed that as Lewis approached the intersection, the traffic light was flashing yellow. Pursuant to OCGA § 40-6-23 (2), "drivers of vehicles may proceed through the intersection or past such signal only with caution." Lewis testified that nothing obstructed his view of Ready's vehicle and that the vehicle was "very higher-up." Nevertheless, Lewis said that he did not see Ready's vehicle until he hit it and that he had no time to brake. Because Lewis hit the right rear corner of Ready's vehicle, Ready must have entered the intersection before Lewis. Under these circumstances, the jury could have concluded that, had Lewis acted with proper caution, he would have seen Ready's vehicle in sufficient time to brake and avoid the accident.[5]

Lewis cites *Moore v. Price*,[6] in which we wrote that "[a] driver having the right of way has the right to assume that others will obey the rule of the road and he has a right to proceed at a reasonable speed even though he sees another vehicle approaching."[7] Due to the flashing yellow light in this case, however, Lewis was legally allowed to proceed through the intersection only if he acted "with caution."[8] As there was at least some evidence from which the jury could have inferred that Lewis failed to so act, charging on contributory negli-

---

[1] See *Garrett v. NationsBank*, 228 Ga. App. 114, 118 (491 SE2d 158) (1997).

[2] (Citation omitted.) *Walker v. Bruno's, Inc.*, 228 Ga. App. 589, 591 (3) (492 SE2d 336) (1997).

[3] *Sanders v. Moore*, 240 Ga. App. 730, 731 (2) (524 SE2d 780) (1999).

[4] (Citation omitted.) Id.

[5] See id. at 731 (1); *Flournoy v. Brown*, 226 Ga. App. 857, 859-860 (1) (487 SE2d 683) (1997).

[6] 158 Ga. App. 566 (281 SE2d 269) (1981).

[7] (Citation and punctuation omitted.) Id. at 569 (2).

[8] Although OCGA § 40-6-23 (2) does not provide a definition, proceeding "with caution" must entail, at a minimum, keeping a proper lookout for other vehicles approaching the intersection. Indeed, even if Lewis had an unqualified right of way, he was not entitled to "drive blindly or recklessly across an intersection without regard for the conditions or consequences." (Citation omitted.) *Sanders*, supra at 730 (1). Rather, Lewis had a duty to "exercise ordinary care in being alert to observe vehicles approaching the crossing, and to exercise ordinary care in the control, speed, and movements of his car to avoid a collision." (Citation and punctuation omitted.) Id.

gence was not error.

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED JANUARY 11, 2001 —
RECONSIDERATION DENIED JANUARY 31, 2001.

Palmer M. Lewis, *pro se.*

*Hicks, Casey & Barber, Mark A. Barber, Richard C. Foster, Charles Clark III*, for appellee.